UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL AND JENNIFER VINCENT                                              PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:15cv542-DPJ-FKB

HOME DEPOT, U.S.A., INC.                                                    DEFENDANT

ORDER

This tort action is before the Court on Plaintiffs' motion to abstain from exercising federal jurisdiction [289], motion for hearing on the motion to abstain [308], and supplemental motion to abstain from exercising federal jurisdiction [371]. Defendant Home Depot has responded in opposition and filed a motion to strike the supplemental motion [378]. The Court has reviewed the parties' filings, along with the pertinent authorities, and concludes that abstention is inappropriate. The motions to abstain [289, 371] and the motion for hearing [308] are denied. Defendant's motion to strike [378] is likewise denied.

I.      Facts and Procedural History

In August 2014, Plaintiffs Michael and Jennifer Vincent ordered lumber from Defendant Home Depot. They claim Defendant's delivery driver, Damon Jones, negligently crashed the tractor-trailer into the Vincents' garage, causing property damage and personal injury to Michael Vincent, who was on the roof of the garage at the time of impact. They filed this action in federal court against Home Depot on July 28, 2015, alleging negligence-based state-law claims.

Meanwhile, on February 5, 2016, Plaintiffs filed a second action, this time in state court, against Home Depot and Damon Jones, arising from the same events.[1] Plaintiffs reiterated the

---

[1] It is undisputed that the addition of Damon Jones to the federal suit would destroy diversity jurisdiction.

claims alleged in the federal action and added a claim for loss of consortium and "a cause of action for Home Depot's wrongful acts of requiring its delivery drivers to drive and operate equipment while distracted by cell phones." Pls.' Mem. [289] at 3.

Plaintiffs now seek dismissal of the federal action on grounds of abstention, urging the following: (1) all of Plaintiffs' claims "sound entirely in state law": (2) all Plaintiffs and all Defendants are parties in the state-court action; and (3) Plaintiffs' additional state-court claims cannot be pleaded in the federal action because the Court denied their request for leave to amend. Since the filing of their initial motion to abstain, Plaintiffs updated the Court, through a supplemental motion, as to the status of the state-court action, noting that it is proceeding and a trial could be set as early as June 2017.[2] State-Court Order [381-1]. Defendant opposes abstention and moves to strike Plaintiffs' supplement in support of abstention. The motions are fully briefed, and the Court is prepared to rule.

II.   Analysis

    A.   Abstention

Plaintiffs argue that the Court should abstain from hearing this dispute under the *Colorado River* abstention doctrine because a parallel proceeding is pending in state court between the same parties and involving the same issue. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).[3]

"The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d

---

[2] This action is currently set for the trial term beginning April 17, 2017, though the parties have filed at least eighteen motions that must be decided before trial can proceed, not all of which are even fully briefed yet.

[3] This case is procedurally unique in that Plaintiffs, who filed the suit in federal court, are asking the Court to abstain. Typically, the defendant files a motion to abstain.

647, 650 (5th Cir. 2000).  Usually, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  *Colorado River* abstention thus represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 813, 817.

> The Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction:  (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–86 (1995)) (additional citations omitted).  "In assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should be] heavily weighted in favor of the exercise of jurisdiction.'" *Black Sea Inv., Ltd.*, 204 F.3d at 650 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).  In their motion, Plaintiffs declined to specifically address the six factors.  Nevertheless, the Court is obligated to do so.

    1.    *Res* at Issue

Because the Court has not assumed jurisdiction over a *res*, this factor weighs against abstention.  *See id.* at 650; *see also Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 816 (5th Cir. 2016) (noting the absence of the first factor weighs against abstention).

### 2. Inconvenience of Fora

The state-court action is pending in Warren County, which is within the Northern Division of the Southern District. Because both courts are within the same geographic region, this factor weighs against abstention. *Bank One, N.A. v. Boyd*, 288 F.3d at 181, 185 (5th Cir. 2002) (noting that when "the federal court and the state court are in the same geographic region, we find this factor weighing in favor of the district court exercising jurisdiction").

### 3. Avoidance of Piecemeal Litigation

Courts distinguish between *duplicative* litigation, which "is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction" and *piecemeal* litigation, which typically involves "inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd.*, 204 F.3d at 650–51. "When, as here, no court has assumed jurisdiction over a disputed *res*, there is no such danger," and "[t]his factor therefore weighs against abstention." *Id.* at 651 (emphasis added).

### 4. Order in Which Jurisdiction was Obtained

"The Supreme Court . . . has cautioned against giving 'too mechanical a reading to the "priority" element' and instructs that 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Boyd*, 288 F.3d at 185 (quoting *Moses H. Cone*, 460 U.S. at 21). It is undisputed that the federal action was filed first. But even putting that fact aside, discovery is complete in this action, and the dispositive-motion deadline has passed. Accordingly, this factor favors exercising jurisdiction. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492−93 (5th Cir. 2006) ("We have suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint.").

5.     The Extent Federal Law Governs the Case

As stated, Plaintiffs argue that "all of the Plaintiffs' claims sound entirely in state law." Pls.' Mem. [289] at 4.  But "[t]he absence of a federal-law issue does not counsel in favor of abstention." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988).  The Court's "task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction" but "rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25–26 (emphasis in original).

This is a simple tort-based diversity action involving routine matters of state law; Plaintiffs have not shown that "'rare circumstances' exist." *Stewart*, 438 F.3d at 493.  This factor is at most neutral.  *See id.*

6.     Adequacy of State Proceeding

"[T]he adequacy of [a] state proceeding[] never weighs in favor of abstention—it is 'either a neutral factor or one that weighs against abstention.'" *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465 (5th Cir. 2012) (quoting *Stewart*, 438 F.3d at 493).  This factor is neutral.

In sum, factors one, two, three, and four weigh in favor of the Court exercising jurisdiction; factors five and six are neutral.  This case does not meet the *Colorado River* exceptional-circumstances test.

B.     Additional Arguments

As for Plaintiffs' additional arguments that they cannot assert claims against Jones and cannot include the two "new" state-law claims in this action, they have failed to direct the Court to any authority that these facts justify abstention.  Moreover, as pointed out by Defendant,

5

Plaintiffs voluntarily chose to file this action in federal court without naming Jones as a defendant and chose not to assert the "new" claims within their deadline to amend without leave.

III.  Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have altered the result.  For reasons explained, Plaintiffs' motion to abstain [289] and their supplemental motion to abstain [371] are denied.  Because a hearing is not necessary to resolve the motions, Plaintiffs' motion for a hearing on the motion to abstain [308] is also denied.

Finally, because the Court finds that abstention is unwarranted, even considering the supplemental motion, Defendant's motion to strike the supplemental motion to abstain [378] is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of January, 2017.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE